IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER DEWAYNE DOSS                                                  PLAINTIFF

v.                                    Civil No. 4:17-cv-04019

OFFICER T. DAVIS; OFFICER STAG;
CORPORAL BALDING; SARGEANT
TONYA PARKER; OFFICER GRIFFIN;
OFFICER CREECH; SARGEANT
FULITON; and NURSE ANGLEA FAIN                                          DEFENDANTS

**ORDER**

Christopher Dewayne Doss submitted this *pro se* action for filing on April 4, 2017 pursuant to 42 U.S.C. § 1983. The Clerk is **DIRECTED** to file the Complaint and *in forma pauperis* application.

After a thorough review of the facts alleged and the Defendants named in Plaintiff's Complaint, the Court finds that venue properly lies in the Eastern District of Arkansas. In cases such as this one, venue is proper in the judicial district where the defendants reside or a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Here, Plaintiff's claims center around the treatment he is receiving while incarcerated in Saline County Detention Center in Benton, Arkansas, and Plaintiff only names defendants that work in that facility. Saline County is within the Eastern District of Arkansas.

Accordingly, the Court finds that the interest of justice would best be served by transferring this case to the United States District Court for the Eastern District of Arkansas. *See* 28 U.S.C. §

1406(a).[1]    The Clerk of the Court is **DIRECTED** to transfer immediately and without delay Plaintiff's action and entire case file to the United States District Court for the Eastern District of Arkansas.

**IT IS SO ORDERED this 4th day of April 2017.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).